No brief for the appellee has reached the hands of the reporter.

OGDEN, J.   The defendant below was indicted for unlaw-fully playing " at a certain game with cards, at the county jail " in the town of Greenville, Hunt county, said jail being then " and there a public place." The court sustained defendant's exceptions to the indictment, and quashed the same, because it did not allege any such facts necessary to constitute a jail a public place.   In the State v. Alvey, 26 Texas, 155, the questions here presented were fully considered by this court, and the sufficiency of the indictment fully sustained.  The court, therefore, erred in sustaining the exceptions to the indictment, and the judgment is reversed and the cause remanded.

Reversed and remanded.

---

B. F. AND ALICE PRIDGEN v. A. J. WALKER.

1. The only description contained in an appeal bond of the judgment appealed from, was " a judgment rendered in the District Court of said " H. county, at the March Term, 1872, of said District Court, for a par- " tition of six hundred acres of land, lying in said county." *Held*, not to be a sufficient description of the judgment appealed from.

2. An appeal bond was conditioned that the appellants should " prosecute " the appeal with effect, and pay all costs and damages awarded against " them by reason of said appeal, then this obligation to be null and " void, otherwise to remain in full force and effect." *Held*, not to be conditioned according to law, and therefore void.

APPEAL from Houston.   Tried below, before the Hon. Leroy W. Cooper.

There is no necessity for a statement of the facts.

*H. W. Moore* and *Hancock & West*, for the appellants.

*D. A. Nunn* and *A. M. Jackson*, for the appellee, moved to dismiss for the following causes:

*First.* The said bond does not describe any judgment to which either the appellants or the appellee were parties; the only mention therein of the judgment appealed from being as follows, viz.: " a judgment rendered in the District Court of " said Houston county, at the March Term, 1872, of said Dis- " trict Court, for a partition of six hundred acres of land lying " and being situate in said county."

*Second.* The said bond is fatally insufficient under Article 1491, Paschal's Digest, because it is nowhere conditioned for " performing the judgment, sentence, or decree of the Supreme " Court, in case the decision of the said court shall be against " the appellants." (Paschal's Digest, Article 1491; Janes *v.* Langham, 29 Texas, 417, and many other cases.)

*Third.* The said bond is not valid under Article 1492, Paschal's Digest, because the judgment mentioned in it is not a judgment for " the recovery of lands;" and because the condition of the bond is bad, in this, viz.: It is conditioned that the appellants " shall prosecute their said appeal with effect and " pay all cost and damages that may be adjudged against them " by reason of the said appeal," which condition is repugnant and contradictory, inasmuch as, if they prosecute their appeal with effect, no costs and damages are recoverable against them; and also because the said condition is an *entirety*, and not divisible, and is a departure from the requirements of said Article 1492, and more onerous than required by law, and therefore will not, as a statutory bond, sustain a summary judgment against the sureties therein. (Janes *v.* Reynolds, 2 Texas, 250; Janes *v.* Langham, 29 Texas, 418, etc.)

*Fourth.* The said bond is not valid under Article 1493, Paschal's Digest, because it does not purport to have been made under that article, nor " show its character within itself " and on its face," nor " recite the inability of the appellants " to give a *supersedeas* bond, nor show that the personal prop- erty of the appellants has been taken by the sheriff, as secu-

rity, in conformity with said article. (See Article 1493 ; Doss *v.* Griswold, 1 Texas, 101; Janes *v.* Langham, 29 Texas, 418, 419.) Also void for repugnancy, and other causes specified in preceding exception 3.

*Fifth.* The said bond is made payable to "A. J. Walker "and the officers of court," without showing to the officers of *what* court reference is had, or whether it is the officers of the Supreme or of the District Court, who are obligees in the bond. Nor do our statutes provide for ever making an appeal bond payable to *officers* of *any court.* Nor does it appear from said bond, taking it altogether, why A. J. Walker is made an obligee, inasmuch as the only description given of the judgment does not state or imply that he is or was a party to such judgment. Wherefore the bond is void for want of obligees.

*Sixth.* The bond is for only one hundred dollars, while the costs in the court below amount to ninety-three dollars and seventeen cents, as shown by the transcript, showing gross inadequacy under any provision of our statutes.

*Seventh.* Because the said bond does not, either in substance or form, comply with the requirements of any enactment authorizing appeals to this court; and therefore is not an appeal bond.

WALKER, J. The appeal in this case must be dismissed for want of a sufficient bond. The bond does not describe the judgment, nor are its conditions in accordance with the statute.

Dismissed.

---

### KING IRVIN v. THE STATE.

Indictment for theft from a house charged that the defendant did " feloniously take, steal, and carry away from the smoke-house, and from " the possession of the owner thereof, four middlings of bacon, of the " value of twenty-five dollars, the property of S. S." *Held,* that the indictment sufficiently charged the taking from a house, and from the possession of the owner.